## Commonwealth v. Pambianco

Before PINOLA, P. J., and BROMINSKI, BIGELOW and SCHIFFMAN, JJ.

*Thomas E. Mack*, District Attorney, for Commonwealth.

*Anthony J. Lupas*, for defendant.

BIGELOW, J., February 17, 1966. — Defendant was indicted and subsequently tried without a jury on the

charge of violating section 1027 of the Act of April 29, 1959, P. L. 58, 75 PS §1027, in that he failed to identify himself to the operator of a motor vehicle struck by the motor vehicle driven by defendant on Rutter Avenue, Kingston, on July 15, 1964. Defendant was convicted by the court, Bigelow, J., without a jury, on November 10, 1964, and was sentenced to pay a fine of $50 and the costs of prosecution. Defendant filed timely motions for new trial and in arrest of judgment, which were not argued before the court en banc until January 6, 1966.

The reasons advanced for new trial are that: (1) The verdict is contrary to the evidence; (2) the verdict is contrary to the weight of evidence; and, (3) the verdict is against the law in view of the evidence.

The reason advanced for arrest of judgment is:

"1. The evidence is insufficient to sustain the verdict of the jury".

There is no dispute about the facts. After the collision, in which defendant skidded into the right front fender of prosecutor's car, defendant got out of his vehicle, came to prosecutor's car and asked prosecutor whether he had insurance. Prosecutor replied that he did not have insurance covering his damage and defendant entered his vehicle, backed away from the point of impact, again got out of his car, walked toward prosecutor's car, reentered his own car and drove away. Both vehicles were damaged. Prosecutor noted and recorded defendant's license number and subsequently commenced this prosecution. Prosecutor did not ask defendant for his name or to identify himself at any time, and defendant did not identify himself to prosecutor.

Defendant maintains that as prosecutor did not request him to identify himself, he was under no duty under The Vehicle Code, section 1027(b), to do so. While the statutory provision requiring specifically that

this information be given upon request (Act of June 22, 1931, P. L. 751, sec. 1025), was amended by the Act of June 29, 1937, P. L. 2329, sec. 3, by the deletion of the phrase "upon request", there is authority that failure to perform the imperative duty to identify may be excused if it practically cannot be done: Commonwealth v. Bitting, 1 D. & C. 2d 601. In the present case, no request for identification was made. Defendant did not immediately flee the scene to avoid identification but engaged in discussion with prosecutor. However, prosecutor testified that his reason for not making the request was that he was occupied with and concerned about the welfare of one of the boys in his car. It appears to the court that the present clear mandate of the statute does not require a request, and that prosecution for failure to identify cannot be successfully defended on the basis of the absence of such a request alone under the circumstances present in this case.

Defendant further maintains that there is no evidence of criminal intent on his part. He can hardly maintain that he did not intend to leave the scene, as there is no evidence that this was anything other than a voluntary act, and in so doing, he violated the clear and unambiguous mandate of section 1027(b). The legislature did not make criminal intent an element of this offense, and the statutory offense is in the nature of a police regulation not requiring the proof of specific criminal intent: Commonwealth v. Gorodetsky, 178 Pa. Superior Ct. 467.

Thus, there is no merit to either of the reasons advanced by defendant in support of his motions for new trial and in arrest of judgment.

## ORDER

Defendant's motions for new trial and in arrest of judgment are denied. If defendant has not paid the fine and costs imposed at trial, he is directed to do so within 10 days of the date of this order.